# IN UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMER C. BARRETT, on behalf of himself and others similarly situated, and INTERNATIONAL UNION UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON CONTROLS, INC; JOHNSON CONTROLS, INC. UNION RETIREE WELFARE PLAN (PLAN 570); JOHNSON CONTROLS, INC. UNION WELFARE PLAN (PLAN 565); and DOES 1 through 20,<br><br>Defendants | **Class Action**<br><br>Demand for Jury Trial |

## CLASS ACTION COMPLAINT
## FOR VIOLATION OF LABOR CONTRACTS AND ERISA PLAN

Plaintiffs Wilmer C. Barrett ("Class Representative" or "Individual Plaintiff"), on behalf of himself and all other persons in the proposed class described in this Complaint, and Plaintiff International Union United Automobile, Aerospace and Agricultural Implement Workers of America, UAW ("UAW"), by their attorneys, bring this action against Defendants Johnson Controls, Inc. ("Johnson Controls"); Johnson Controls, Inc. Union Retiree Welfare Plan (Plan 570); and Johnson Controls, Inc. Union Welfare Plan (Plan 565); and Does 1 through 20, and aver as follows:

## INTRODUCTION

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), individual Plaintiff brings this class action lawsuit on behalf of himself and a similarly situated group of retirees. Hereinafter, individual Plaintiff and these retirees are collectively referred to as

"Retirees." Retirees were represented by the Plaintiff International Union United Automobile, Aerospace and Agricultural Implement Workers of America, UAW ("UAW") and its Local Union No. 1872 (together, the "Union"). Individual Plaintiff also seeks to represent the spouses and surviving spouses of these Retirees (hereinafter and collectively, "Spouses"). Retirees and Spouses are collectively referred to as "Class Members", as that term is more fully defined below.

2. Retirees worked in the York, Pennsylvania area and built products at manufacturing facilities owned by the Borg-Warner Air Conditioning, Inc. ("Borg-Warner"), which spun off its York, Pennsylvania plants into Applied Systems, York International Corporation ("York International") in 1986. In 2005, Defendant Johnson Controls, Inc. acquired York.

3. During their decades of service at the York, Pennsylvania manufacturing facilities ("York Plant"), Retirees earned rights to receive retiree health benefits. Rights to these benefits were created through collective bargaining between the employer and the Union. As a result of this bargaining, governing provisions established the employer's obligation to provide these benefits throughout retirement, such as: "Your health coverage is continued until **your death** …" and "[y]our spouse will remain eligible until the earlier of **death or remarriage**." See paragraph 18 below, showing emphasis added.

4. Johnson Controls has nonetheless unilaterally reduced Class Members' retiree health benefits by instituting a $50,000 cap on benefits incurred by each participant after age 65. Beginning in 2012, Class Members began to be affected by this cap, and Johnson Controls has refused to provide them with retiree health benefits as each person reaches the $50,000 cap.

5. As Plaintiffs allege in Count I, because the rights of Class Members to retiree health benefits were created through agreements between a labor organization and an employer,

violation of those agreements is actionable in this Court under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

6. Individual Plaintiff brings Counts II and III pursuant to § 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) and (a)(3). In Count II, Individual Plaintiff seeks a declaration that Class Members' rights to retiree health benefits provided under agreements have vested, and the negotiated Plan terms cannot be unilaterally modified or terminated by Defendants. Alternatively, in Count III, Individual Plaintiff alleges that Defendant Johnson Controls has breached the fiduciary duties owed to Class Members.

7. As to all Counts, Plaintiffs seek a preliminary and permanent injunction prohibiting such modification or termination, as well as damages and equitable relief to remedy the reduction in benefits and breach of fiduciary duties.

## JURISDICTION AND VENUE

8. As all three Counts raise federal questions, this Court has jurisdiction over them under 29 U.S.C § 1331. The Court also has jurisdiction over Count I under § 301 of the LMRA, 29 U.S.C. § 185, and over Count II and III under § 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132 (e)(1) and (f). Venue in this judicial district is proper under § 301 of LMRA, 29 U.S.C. § 185, and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## PARTIES

9. Johnson Controls, Inc. is a Wisconsin corporation with principal executive offices in Milwaukee, Wisconsin. Johnson Controls is engaged in the business of manufacturing products and offering services related to energy and operational efficiencies of buildings, automotive batteries, electronics and interior systems for automobiles. Johnson Controls has operated the manufacturing plant where Class Members worked since 2005, when it purchased

York International Corporation. Prior to its operation by York International, the York plant was owned by Borg-Warner Air Conditioning, Inc. On information and belief, Defendant Johnson Controls is an employer engaged in commerce, and is now the "plan sponsor" and a fiduciary of the Plan (identified in ¶ 10 below) within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). Defendant Johnson Controls is qualified and registered to do business in Pennsylvania and has such extensive contacts within this judicial district that it "may be found" in this district within the meaning of 29 U.S.C. § 1132(e)(2).

10. Defendants Johnson Controls, Inc. Union Retiree Welfare Plan (Plan 570) and Johnson Controls, Inc. Union Welfare Plan (Plan 565) (together, the "Plan") are "employee benefit plans" within the meaning of ERISA. Upon information and belief, Plan 565 provided retiree health benefits to Class Members when the $50,000 cap on benefits was announced, and Plan 570 currently provides the benefits to Class Members. On information and belief, the Plan's sponsor and administrator is Defendant Johnson Controls, as alleged above. The Plan is sued as a party that may be needed for just adjudication under Rule 19 of the Federal Rules of Civil Procedure ("FRCP"), and also as a party responsible for providing benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. §§ 1132(a)(1)(B).

11. Defendants John Does 1 through 20, inclusive, are natural persons and/or corporate entities sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When said true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities. Plaintiffs are informed and believe and thereupon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that injury to the Plaintiffs alleged is or will be proximately caused by such Defendants.

12. Plaintiff and Class Representative Wilmer C. Barrett is an adult resident of York, Pennsylvania, within this federal judicial district. Until he retired in 2001, Mr. Barrett worked for predecessors of Johnson Controls at the York plant, where he was a member of the UAW bargaining unit.

13. Plaintiff UAW is a labor organization with its headquarters in Detroit, Michigan. For many years, the UAW negotiated collective bargaining agreements with Johnson Controls (or its predecessors) at the York plant relating to, *inter alia*, retiree health insurance benefits for hourly employees working at the Johnstown Facility.

## STATEMENT OF FACTS

14. For many years while Retirees worked at the manufacturing facilities in York now owned by Johnson Controls, retiree health benefits for Retirees and their spouses were described in and provided through successive collectively bargained agreements. Retirees' former employer negotiated these labor agreements with the Union when Retirees were still active employees at the York plant.

15. For example, the principal collective bargaining agreements in effect from 1996-2000, from 2000-2003 and from 2003-2006 stated that the "parties have provided for a Group Insurance Program in a separate booklet which is part of this Agreement as if set out in full herein, subject to all provision of this Agreement." The Group Insurance Program booklet (which by 1996 was labeled "Group Benefits Program for Retired Employees" hereinafter "GBP") for July 1, 1996 to June 30, 2000 ("1996 GBP") governed the insurance benefits class members who retired between those dates. The GBP for July 1, 2000 to June 30, 2003 ("2000 GBP") governed the insurance benefits for class members who retired between those dates. The GBP for July 1, 2003 to July 30, 2006 ("2003 GBP") governed the insurance benefits for class members who retired between those dates.

16. As is evident from their terms, the intent underlying the 1996, 2000 and 2003 GBPs, as well as similar predecessor insurance agreements, was that specified retiree health benefits would continue for Retirees throughout retirement, and that there would be no lifetime maximum limit or cap on benefits.

17. For example, Section 1.15 of the 1996, 2000 and 2003 GBPs (appended hereto as Exhibits A, B and C), which is entitled "Termination of Coverage," specifies how and when coverage would be terminated for retirees:

> Your health coverage is continued until **your death** --- unless you request termination of coverage or you do not make the required contribution for this Plan.

1996 GBP, 2000 GBP, and 2003 GBP, ¶ 1.15 (emphasis added). Further, all three GBPs detailed the circumstances concerning the continuation of health care benefits for the Retiree's surviving spouse and children:

> If you die after retirement, health coverage may be continued for your spouse and children, provided the required contributions are paid. To qualify for continued coverage, your spouse must have been married to you for at least one year at the time of your death.
>
> Your spouse will remain eligible until the earlier of **death or remarriage**. Your children will remain eligible until your spouse is no longer eligible, or the children are no longer eligible (due to age, marriage, etc.), whichever is earlier.

1996 GBP, 2000 GBP, 2003 GBP ¶ 1.16 (emphasis added). None of the GBPs required contributions for persons covered under the plan who were age 65 or older, if the retiree retired prior to February 1, 2004. 1996 GBP, 2000 GBP, ¶ 1.4 ("Contributions for persons reaching age 65 are discontinued on the first of the month after their 65th birthday"); 2003 GBP, ¶ 1.4 (no contributions for persons age 65 or over if retiree retired prior to February 1, 2004).

18. In addition, none of the GBPs included an annual maximum amount of benefits that the Company would cover for a participant. In fact, the 1996, 2000 and 2003 GBPs

expressly state that there is "none." 1996 GBP, 2000 GBP, 2003 GBP, ¶ 2.0. Further, under a section entitled "Maximum Plan Payments," the GBP provides: "There is no overall limit on how much the Plan will pay for one person's medical bills." 1996 GBP, 2000 GBP, 2003 GBP, ¶ 2.1. The only lifetime limits related to "covered charges relating to mental or nervous conditions, psychiatric disorders, alcoholism and drug addiction" and a "few other conditions and services such as private-duty nursing and chiropractic care." Id. Defendants thus represented that, while there were limits as to the certain cited items, there was "no overall limit."

19. Despite the promises in the successive GBPs that there would not be a general lifetime maximum amount of benefits that would be provided, Johnson Controls has unilaterally imposed a $50,000 lifetime maximum for benefits paid after the participants become eligible for Medicare.

20. Thus, at a time when Retirees' rights to retiree health benefits were already earned and vested, Johnson Controls violated these rights by reducing these benefits. On information and belief, Johnson Controls is also claiming that it has a right to terminate benefits altogether.

21. Johnson Controls—which had assumed responsibility for the contractual obligations and duties owed to the Retirees under the labor agreements and negotiated Plan terms—had no right under the collectively bargained agreements to reduce or terminate Retirees' and medical coverage. Johnson Controls breached its contractual obligations, as well as fiduciary duties it owed to the Retirees, when it stated its intention to reduce or terminate their retiree health benefits.

22. Since the beginning of 2012, many Retirees have been informed that they and/or their spouses had reached the $50,000 lifetime coverage limit and are no longer entitled to

receive benefits through Johnson Controls. Additional Class Member will lose their benefits once they reach the $50,000 limit.

## CLASS ACTION ALLEGATIONS

23. Class Representative brings this class action on behalf of himself and a class of similarly situated persons – Class Members -- defined as follows:

> Former employees of Johnson Controls, Inc. and/or its predecessors who (1) worked at facilities of Johnson Controls, Inc. and/or its predecessors in York, Pennsylvania; (2) retired before July 31, 2009; (3) were represented by the International Union United Automobile, Aerospace and Agricultural Implement Workers of America, UAW ("UAW") and its Local Union No. 1872 in collective bargaining; and (4) after retirement, received health care benefits; as well as the spouses and surviving spouses of these former employees.

24. The exact number of Class Members is not presently known, but, on information and belief, it is in excess of 1000. Accordingly, joinder of individual Class Members in this action is impracticable.

25. The retiree health care benefits to which Class Members are entitled pursuant to the collectively bargained agreements are similar, and all benefits were meant to last, unaltered, throughout retirement.

26. There are common questions of law and fact in this action that relate to and affect Class Members, as set forth below in Counts I, II, and III this Complaint.

27. The relief sought is common to all Class Members, as set forth below in the "Relief Requested" section of this Complaint.

> The claims of the Class Representative are typical of the claims of the Class Members they seek to represent insofar as they all assert, *inter alia*, that:
>
> (a) Defendants are obligated under LMRA § 301 and ERISA to provide retiree health benefits throughout retirement without unilateral reduction, as set forth in collectively bargained agreements negotiated between the Union and Johnson Controls (or its predecessors);

(b) Defendants cannot unilaterally terminate or reduce those benefits in violation of collectively bargained terms;

(c) Johnson Controls controls the Plan, and as such, it has a fiduciary duty to administer the Plan in accordance with its terms and solely in the interests of participants and beneficiaries, and for the exclusive purpose of providing benefits or defraying reasonable expenses of administering the plan; and

(d) Johnson Controls breached its fiduciary duties to Plan participants by announcing reduction of Plan participants' benefits and failing to make adequate disclosures to Plan participants.

28. There is no conflict between the Class Representative and other members of the Class with respect to this action.

29. The Class Representative is able to, and will, fairly and adequately protect the interests of the Class Members. The attorneys for the Class Representative are experienced and capable in the field of labor law and employee benefits law, and retiree health benefits in particular, and have successfully litigated numerous class actions of a similar nature.

30. This action is properly maintained as a class action under FRCP Rule 23(b)(2), in that Defendants have acted on grounds generally applicable to the Class by unilaterally terminating retiree health care benefits they are obligated to provide to Class Members, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

31. This action is also maintainable as a class action under FRCP 23(b)(1)(A). Because of the uniform standards of conduct imposed by ERISA, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendants.

## COUNT I

**Violation of Labor Agreements Actionable Under Section 301 of the LMRA**
**(Against all Defendants)**

32. Paragraphs 1 through 32 are re-alleged and incorporated by reference.

33. As noted, in the years before their retirements and at the time they retired, Class Members' retiree health benefits were the subject of labor agreements between Johnson Controls (or its predecessors) and the Union. Under those labor agreements, Class Members had rights to receive specified retiree health benefits that are not subject to unilateral reduction or termination during retirement. Defendants' reduction or termination of retiree health benefits infringes upon those rights.

34. Accordingly, Defendants' reduction or termination of retiree health benefits violates collectively bargained obligations owed to Class Members, and is actionable under Section 301 of the LMRA, 29 U.S.C. § 185(a).

## COUNT II

**Violation of Employee Welfare Benefit Plan Actionable Under ERISA § 502(a)(1)(B)**
**(Against all Defendants)**

35. Paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

36. By taking the actions described above, Defendants violated the rights of Class Members. Specifically, under the Plan's governing documents (including collectively bargained agreements), Class Members have rights to retiree health benefits that are not subject to unilateral reduction or termination during retirement. Accordingly, Defendants' unilateral reduction or termination of benefits infringes upon and is in derogation of those rights.

37. Defendants' repudiation of the terms of the negotiated employee welfare benefit plan is actionable in this Court under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which allows a participant or beneficiary to bring a civil action "to recover benefits due to him under

the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Additionally, a participant suing under this provision is entitled to interest on any retroactive amounts awarded.

38. Pursuant to ERISA § 502(a)(3), Class Members are entitled to an injunction to keep benefits in place, and/or a surcharge or other equitable relief to remedy the violation of the terms of the Plan committed by Defendant Johnson Controls.

## COUNT III

### Breach of Fiduciary Duty under ERISA §§ 404 and 502
### (Against Defendant Johnson Controls)

39. Paragraphs 1 through 39 are re-alleged and incorporated herein by reference.

40. Individual Plaintiff brings this count alleging breach of fiduciary duties as an **alternative** to Count I and II, and he does so pursuant to FRCP 8(d), which provides that a complaint may assert two or more claims alternatively or hypothetically, and that a party may do so "regardless of consistency."

41. At all relevant times, Defendant Johnson Controls has been a fiduciary of the Plan, as it exercised discretionary authority, control or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

42. As a fiduciary of the Plan, Defendant Johnson Controls was obligated to discharge its duties to the Plan solely in the interests of Class Members, who are Plan participants and beneficiaries, and for the exclusive purpose of providing benefits or defraying reasonable expenses of administering the plan. These duties are violated if a fiduciary fails to make full and complete disclosure to plan participants and beneficiaries.

43. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), participants and beneficiaries may sue "to enjoin any act or practice which violates any provision of this subchapter [*e.g.*, fiduciary provisions] or the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce any provisions of this subchapter or the terms of the plan."

44. Defendant Johnson Controls breached its fiduciary duties through the conduct described above (including the duty to make full and complete disclosure), and Class Members will suffer actual harm in the absence of relief, as Johnson Controls has unilaterally imposed a drastic reduction in benefits and has eliminated benefits altogether for those exhausting the unilaterally implemented lifetime maximum amount.

45. Pursuant to ERISA § 502(a)(3), Class Members are entitled to an injunction to keep benefits in place, and/or a surcharge or other equitable relief to remedy the breach of trust committed by Defendant Johnson Controls.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Certify this action as a class action, appoint Individual Plaintiff Wilmer C. Barrett as Class Representative, and appoint Tybe A. Brett, William T. Payne, Pamina Ewing, Stephen M. Pincus, and Joel R. Hurt of Feinstein Doyle Payne & Kravec, LLC, as counsel for the Class.

B. Declare that the retiree health benefits as set forth in the applicable collectively bargained agreements between the Johnson Controls (and its predecessors) and the Union, and in the negotiated Plan, may not be unilaterally modified or terminated by Defendants.

C. Preliminarily and permanently enjoin Defendants from modifying or terminating the benefits they are obligated to provide under the terms of the applicable collectively bargained agreements and the negotiated Plan.

D. Award Class Members such benefits, pursuant to the terms of applicable collective bargaining agreements and the negotiated Plan, and/or monetary damages (plus interest), as necessary to restore them to the position in which they

would and should have been in but for Defendants' contractual and statutory violations.

E. Order a surcharge or other equitable relief to remedy the breach of trust committed by Defendant Johnson Controls.

F. Order disgorgement of any unjust enrichment.

G. Award Plaintiffs reasonable attorneys' fees and costs incurred in this action.

H. Award Class Members pre-judgment and post-judgment interest on any retroactive amounts awarded.

I. Grant such further relief as may be deemed necessary and proper.

## JURY DEMAND

Plaintiffs request a jury trial of all issues so triable.

Dated:  August 2, 2013                    Respectfully submitted,

s/Tybe A. Brett
Tybe A. Brett[1] (PA I.D. 30064)
tbrett@fdpklaw.com
William T. Payne (PA I.D. 38083 )
wpayne@fdpklaw.com
Pamina Ewing (PA I.D. 59244)
pewing@fdpklaw.com
Stephen M. Pincus (PA I.D. 88976)
spincus@fdpklaw.com
Joel R. Hurt (PA I.D. 85841)
jhurt@fdpklaw.com
FEINSTEIN DOYLE
   PAYNE & KRAVEC, LLC
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA  15219
T: (412) 281-8400
F: (412) 281-1007

*Attorneys for Plaintiffs*

---

[1] Tybe A. Brett is a member of the bar of the U.S. District Court for the Middle District of Pennsylvania.